E-filing

LAWRENCE K. ROCKWELL, #72410
ERIC DONEY, #76260
JULIE E. HOFER, #152185
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
Telephone: (510) 451-0544
Facsimile: (510) 832-1486
Email: julie@donahue.com

FILED
OCT 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee Paid
i SS.
(9)

Attorneys for Plaintiffs
ADOBE SYSTEMS INCORPORATED, AUTODESK, INC., COREL CORPORATION, DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, MICROSOFT CORPORATION, and QUARK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware corporation, AUTODESK, INC., a Delaware corporation, COREL CORPORATION, a Canadian corporation, DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation, MICROSOFT CORPORATION, a Washington corporation, and QUARK, INC., a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JEREMIAH HAWKINS, an individual, HOANG MINH PHAM, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. C08-04892 EMC<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, DAMAGES AND INJUNCTIVE RELIEF |

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

///

///

///

///

///

Plaintiffs Adobe Systems Incorporated ("Adobe"), Autodesk, Inc. ("Autodesk"), Corel Corporation ("Corel"), Dassault Systèmes SolidWorks Corporation ("SolidWorks"), Microsoft Corporation ("Microsoft"), and Quark, Inc. ("Quark"), referred to collectively hereinafter as "Plaintiffs," for their complaint against defendants, state and allege as follows:

**JURISDICTION AND VENUE**

**Parties**

1. Adobe is a Delaware corporation with its principal place of business in San Jose, California.

2. Autodesk is a California corporation with its principal place of business in San Rafael, California.

3. Corel is a Canadian corporation with its principal place of business in Ottawa, Ontario, Canada, and offices in Fremont, California.

4. Microsoft is a Washington corporation with its principal place of business in Redmond, Washington, and offices in San Francisco, California.

5. Quark is a Colorado corporation with its principal place of business in Denver, Colorado, and offices in Santa Clara, California.

6. SolidWorks is a Delaware corporation with its principal place of business in Concord, Massachusetts.

7. Upon information and belief, Plaintiffs allege that defendants Jeremiah Hawkins ("Hawkins") and Hoang Minh Pham ("Pham") are individuals whose places of residence are in Oakland, California, and Milpitas, California, respectively, and who do business using the Internet.

8. Upon information and belief, Plaintiffs allege that defendants named herein as Does 1-10, inclusive (referred to collectively hereinafter as the "Does") are either entities or individuals subject to the jurisdiction of this Court. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Does are unknown to Plaintiffs, who therefore sue the Does, and each of them, by such fictitious names, and Plaintiffs will seek leave of the Court to amend this Complaint to allege such true names and capacities when the same are

ascertained. Hawkins, Pham, and the Does are referred to collectively hereinafter as "Defendants."

9. Upon information and belief, Plaintiffs allege each of the Defendants was an agent, employee, and/or alter-ego of each of the other remaining Defendants and, at all times relevant herein, acted within the course and scope of such agency and employment.

**Jurisdiction**

10. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

**Venue**

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**Intradistrict Assignment**

12. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

**Introduction**

13. Plaintiffs are in the business of, and have made and continue to make a substantial investment of time, effort and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of computer software programs recorded on various media, including among others optical discs, for use on personal computers. Plaintiffs have gained a worldwide reputation for quality and reliability respecting their computer software programs.

14. Widespread sales of illegal copies of Plaintiffs' computer software programs, commonly known as software piracy, cause significant harm to Plaintiffs and undermine Plaintiffs' investments in their products.

15. Plaintiffs bring this action as a result of Defendants' systematic, unauthorized copying, reproduction, and distribution of Plaintiffs' software products through sales conducted over the Internet, including via the trading website accessible through the domain name

iOffer.com (the "iOffer website"). Defendants' actions complained of herein were and continue to be undertaken willfully and intentionally and have caused and continue to cause substantial damage to Plaintiffs and to the software industry.

16. In connection with Plaintiffs' computer software programs, Plaintiffs own copyrights that are the subject of registrations with the United States Copyright Office.

17. Plaintiffs are informed and believe and thereon allege that, without authorization, Hawkins and Pham, with assistance, supervision, support, and/or supplies received from the Does, have copied, reproduced, offered for sale, sold, and/or distributed unauthorized copies of Plaintiffs' copyrighted computer software programs.

18. Defendants' actions complained of herein constitute willful violation of Plaintiffs' rights under the Copyright Act. Plaintiffs request the Court enter an injunction against Defendants and award Plaintiffs damages, costs, and attorney's fees.

**The Business of Adobe**

19. Adobe is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, Adobe® Creative Suite® 3 Master Collection software, which is a suite of numerous component software products, including Adobe® Acrobat® 8 Professional software, Adobe® Acrobat® Connect software, Adobe® After Effects® CS3 Professional software, Adobe® Contribute® software, Adobe® Dreamweaver® CS3 Professional software, Adobe® Encore® 3.0 software, Adobe® Fireworks® CS3 software, Adobe® Flash® CS3 Professional software, Adobe® Illustrator® CS3 software, Adobe® InDesign® CS3 software, Adobe OnLocation™ CS3 software, Adobe® Photoshop® CS3 software, Adobe Premier® Pro CS3 software, Adobe® Soundbooth™ CS3 software, Adobe Ultra® CS3 software, and Adobe® VersionCue® CS3 SDK software (referred to collectively hereinafter as the "Adobe Products").

20. The Adobe Products contain a large amount of material wholly original with Adobe and are copyrightable subject matter under the laws of the United States.

21. At all times herein relevant, Adobe complied in all respects with the Copyright Act, secured the exclusive rights and privileges in and to the copyrights in the Adobe Products,

and possessed Certificates of Registration from the Register of Copyrights for the Adobe Products (see Exhibit A hereto, incorporated herein by reference).

22. Since their registration, the Adobe Products have been published and distributed by Adobe or under its authority in compliance with the Copyright Act.

23. Adobe has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the Adobe Products.

**The Business of Autodesk**

24. Autodesk is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, Revit® Structure 2009 software (referred to hereinafter as the "Autodesk Product").

25. The Autodesk Product contains a large amount of material wholly original with Autodesk and is copyrightable subject matter under the laws of the United States.

26. At all times herein relevant, Autodesk complied in all respects with the Copyright Act, secured the exclusive rights and privileges in and to the copyright in the Autodesk Product, and possessed a Certificate of Registration from the Register of Copyrights which covers the Autodesk Product (see Exhibit B hereto, incorporated herein by reference).

27. Since its registration, the Autodesk Product has been published and distributed by Autodesk or under its authority in compliance with the provisions of the Copyright Act.

28. Autodesk has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the Autodesk Product.

**The Business of Corel**

29. Corel is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, CorelDRAW® Graphics Suite X4 software, which is a suite of component software products, including, but not limited to, Corel PHOTO-PAINT® X4 software (referred to collectively hereinafter as the "Corel Products").

30. The Corel Products contain a large amount of material wholly original with Corel and are copyrightable subject matter under the laws of the United States.

31. At all times herein relevant, Corel complied in all respects with the Copyright Act,

secured the exclusive rights and privileges in and to the copyright in the Corel Products, and possessed Certificates of Registration from the Register of Copyrights for the Corel Products (see Exhibit C hereto, incorporated herein by reference).

32. Since their registration, the Corel Products have been published and distributed by Corel or under its authority in compliance with the provisions of the Copyright Act.

33. Corel has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the Corel Products.

**The Business of SolidWorks**

34. SolidWorks is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, SolidWorks® 2008 Office Premium® software (referred to hereinafter as the "SolidWorks Product").

35. The SolidWorks Product contains a large amount of material wholly original with SolidWorks and is copyrightable subject matter under the laws of the United States.

36. At all times herein relevant, SolidWorks complied in all respects with the Copyright Act, secured the exclusive rights and privileges in and to the copyrights in the SolidWorks Product, and possessed a Certificate of Registration from the Register of Copyrights which covers the SolidWorks Product (see Exhibit D hereto, incorporated herein by reference).

37. Since its registration, the SolidWorks Product has been published and distributed by SolidWorks or under its authority in compliance with the provisions of the Copyright Act.

38. SolidWorks has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the SolidWorks Product.

**The Business of Microsoft**

39. Microsoft is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, Microsoft® Windows® Vista software (referred to collectively hereinafter as the "Microsoft Product").

40. The Microsoft Product contains a large amount of material wholly original with Microsoft and are copyrightable subject matter under the laws of the United States.

41. At all times herein relevant, Microsoft complied in all respects with the Copyright

Act, secured the exclusive rights and privileges in and to the copyrights in the Microsoft Product, and possessed Certificates of Registration from the Register of Copyrights which covers the Microsoft Product (see Exhibit E hereto, incorporated herein by reference).

42. Since its registration, the Microsoft Product has been published and distributed by Microsoft or under its authority in compliance with the provisions of the Copyright Act.

43. Microsoft has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the Microsoft Product.

**The Business of Quark**

44. Quark is in the business of developing, marketing, and licensing a wide variety of computer software programs, including, but not limited to, QuarkXPress® 7.2 software, (referred to hereinafter as the "Quark Product").

45. The Quark Product contains a large amount of material wholly original with Quark and is copyrightable subject matter under the laws of the United States.

46. At all times herein relevant, Quark complied in all respects with the Copyright Act, secured the exclusive rights and privileges in and to the copyrights in the Quark Product, and possessed a Certificate of Registration from the Register of Copyrights which covers the Quark Product (see Exhibit F hereto, incorporated herein by reference).

47. Since its registration, the Quark Product has been published and distributed by Quark or under its authority in compliance with the provisions of the Copyright Act.

48. Quark has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute the Quark Product.

**The Business and Infringing Activities of Defendants**

49. Plaintiffs are informed and believe and thereon allege that Defendants use the Internet, including without limitation, the iOffer website, to advertise, sell, and distribute products, including illegal copies of computer software products, to consumers throughout the United States.

50. The iOffer website describes itself as a trading community for buying, selling, and trading, with more than 20 million items available from 165 countries. The iOffer website

provides as the contact information for its owner(s) and/or operator(s) an address in San Francisco, California in the Northern District of California. Plaintiffs are informed and believe and thereon allege that Defendants are required to pay fees to the owner(s) and/or operator(s) of the iOffer website to sell items through the iOffer website.

51. Plaintiffs are informed and believe and thereon allege that Hawkins and Pham, with assistance, supervision, support, and/or supplies received from the Does, do business through the iOffer website under various user IDs, including, without limitation, the user IDs "kevingo77" and "minhpha75."

52. Plaintiffs are informed and believe and thereon allege that Defendants have used the Internet, including without limitation the iOffer website, to advertise, offer for sale, sell, and distribute unauthorized copies, or copies of unauthorized derivative works, of the Adobe Products, the Autodesk Product, the Corel Products, the SolidWorks Product, the Microsoft Product, and the Quark Product (referred to collectively hereinafter as the "Computer Software Products") to consumers throughout the United States, including in California. Plaintiffs are informed and believe and thereon allege that Defendants or their agents made such unauthorized copies of the Computer Software Products.

53. Plaintiffs are informed and believe and thereon allege that Defendants have engaged willfully and intentionally in the conduct complained of above.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement Against All Defendants)**

54. Plaintiffs re-allege and incorporate herein by this reference each of the allegations contained in Paragraphs 1 through 53 as though fully set forth.

55. Defendants' acts constitute infringement of Plaintiffs' copyrights in the Computer Software Products in violation of the Copyright Act, 17 U.S.C. § 501.

56. Plaintiffs are informed and believe and thereon allege that Defendants' unauthorized copying, reproduction, and distribution of the Computer Software Products was deliberate, willful, malicious, oppressive, and without regard to the Plaintiffs' proprietary rights.

57. Defendants' copyright infringement has caused, and will continue to cause,

Plaintiffs to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to, and copyrights in, the Computer Software Products and, further, has damaged Plaintiffs' business reputations and goodwill, diverted Plaintiffs' trade, and caused Plaintiffs to lose profits, all in an amount not yet ascertained.

58. Defendants' copyright infringement, and the threat of continuing infringement by Defendants, have caused, and will continue to cause, Plaintiffs to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate Plaintiffs for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined pursuant to the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendants, and each of them, and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

(a) Copying, reproducing, distributing, or using any unauthorized copies of Plaintiffs' copyrighted computer software programs;

(b) Otherwise infringing any of Plaintiffs' copyrights; and

(c) Destroying any copies of software products, materials, or documents, including without limitation electronic files or business records, that relate or pertain to:

(i) The copying, reproduction, advertisement, offering for sale, sale, distribution, or use of Plaintiffs' computer software programs; or

(ii) The infringement of Plaintiffs' copyrights.

2. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a) and (b) of this Prayer for Relief;

3. That Plaintiffs be awarded for Defendants' copyright infringement either:

(a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' unlawful infringement of Plaintiffs' copyrighted Computer Software Products; or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Plaintiffs' election before the entry of a final judgment;

4. That the Court issue an order requiring Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. That the Court issue an order upon judgment requiring Defendants to destroy any and all infringing copies of Plaintiffs' computer software programs in Defendants' possession or control;

6. That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17 U.S.C. § 505;

7. That the Court award Plaintiffs their costs of suit incurred herein; and

8. That the Court grant such other and further relief as it deems just and proper.

Dated: October 27th, 2008

DONAHUE GALLAGHER WOODS LLP

By: Julie E. Hofer
Julie E. Hofer
Attorneys for Plaintiffs

**EXHIBIT A**
**Adobe Systems Incorporated**
**Copyright Registrations**

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Adobe® Creative Suite® 3 Master Collection for Windows and Macintosh | TX 6-457-918 | 8/24/07 |
| Adobe® Acrobat® 8 Professional for Macintosh | TX 6-390-830 | 11/16/2006 |
| Adobe® Acrobat® 8 Professional for Windows | TX 6-390-827 | 11/16/2006 |
| Adobe® Acrobat® Connect | TX-6-390-835 (1.0 for Windows) TX-6-390-834 (1.0 for Mac) | 11/16/2006 |
| Adobe® After Effects® CS3 Professional for Windows and Macintosh | TX 6-457-851 | 8/24/2007 |
| Adobe® Contribute CS3 for Windows and Macintosh | TX 6-531-602 | 6/13/2007 |
| Adobe® Dreamweaver® CS3 Professional for Windows and Macintosh | TX 6-534-561 | 6/15/2007 |
| Adobe® Encore™ 3.0 for Windows and Macintosh | TX 6-457-838 | 8/24/2007 |
| Adobe® Fireworks® CS3 for Windows and Macintosh | TX 6-531-654 | 6/25/2007 |
| Adobe® Flash® CS3 Professional for Windows and Macintosh | TX 6-531-604 | 6/13/2007 |
| Adobe® Illustrator® CS3 for Windows and Macintosh | TX 6-531-603 | 6/13/2007 |
| Adobe® InDesign® CS3 for Windows and Macintosh | TX 6-528-610 | 5/22/2007 |
| Adobe® OnLocation™ CS3 for Windows | TX 6-637-394 | 7/26/2007 |
| Adobe® Photoshop® CS3 Extended for Windows and Macintosh | TX 6-528-612 | 5/22/2007 |
| Adobe® Premiere® Pro CS3 for Windows and Macintosh | TX 6-534-535 | 7/30/2007 |
| Adobe® Soundbooth® CS3 for Windows and Macintosh | TX 6-457-903 | 8/24/2007 |

**EXHIBIT A**
**Adobe Systems Incorporated**

| | | |
|---|---|---|
| Adobe® Ultra® CS3 for Windows | TX 6-637-395 | 7/26/2007 |
| Adobe® Version Cue® CS3 SDK for Windows and Macintosh | TX-6-534-547 | 8/2/2007 |

**EXHIBIT B**
**Autodesk, Inc.**
**Copyright Registration**

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Revit® Structure 2008 | TX 6 -579- 853 | 5/23/2007 |

# EXHIBIT C
## Corel Corporation
## Copyright Registrations

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| CorelDRAW® Graphics Suite X4 | TX 6-846-020 | 2/29/2008 |
| Corel Photo-Paint® 9 | TX 5-143-739 | 7/28/2000 |

**EXHIBIT D**
**Dassault Systèmes Solidworks Corporation**
**Copyright Registration**

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Solidworks® Office 2007 | TX 6-507-965 | 1/10/2007 |

**EXHIBIT E**
**Microsoft Corporation**
**Copyright Registration**

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Microsoft® Windows® Vista Ultimate | TX 6-508-905 | 2/14/2007 |

**EXHIBIT F**
**Quark, Inc.**
**Copyright Registration**

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Quark Xpress® 7.1 | TX 6-538-373 | 3/21/07 |